UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALAN GLENN FRIEDBERG,   Case No. 1:16-mc-0003
　　Plaintiff,   Black, J.
　　　　　　　Litkovitz, M.J.

vs.

MADISON REALTY INVESTMENTS,   **ORDER**
INC., *et al*.,
　　Defendants.

# I. Introduction

This matter is before the Court on a motion to quash a subpoena duces tecum issued to non-party Raymond Jackson, President of Jackson Advisory Group, LLC, pursuant to Fed. R. Civ. P. 45(d) (Doc. 1) and Declaration of Michael A. Galasso in support. (Doc. 3). The subpoena was issued by Alan Glenn Friedberg, the debtor-in-possession in a Chapter 11 proceeding pending in the United States Bankruptcy Court for the District of New Jersey (Case No. 15-15934) and the plaintiff in an adversary proceeding initiated in connection with the lead case (*Friedberg, et al. v. Madison Realty Investments, Inc., et al.*, Case No. 15-01944). (Doc. 1 at 3). The subpoena was issued to Jackson in his capacity as an opinion witness retained by defendant to testify on alleged damages in the adversary proceeding. (Doc. 1 at 3; Doc. 3, Galasso Decl. at ¶ 5). The subpoena is dated December 30, 2015, and commanded Jackson to appear in Cincinnati, Ohio on January 15, 2016, to testify at an examination under Fed. R. Bankr. P. 2004 in the bankruptcy case and to produce documents. (Doc. 3-4). Movant/defendant Madison Realty Investments, Inc. (Madison) filed its motion to quash the subpoena duces tecum on February 19, 2016. (Doc. 1). Plaintiff Friedberg has not filed a response to the motion.

## II. Motion to quash

Fed. R. Civ. P. 45 governs a motion to quash a subpoena. The Rule requires that on a timely motion, the Court must quash or modify a subpoena that: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

Rule 45 specifies several notice and service requirements. The Rule requires that when certain information is sought, each party to the action be given a notice and a copy of the subpoena before it is served on the individual to whom it is directed. Fed. R. Civ. P. 45(a)(4) ("If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."). Fed. R. Civ. P. 45(b)(1) further provides that "[s]erving a subpoena requires delivering a copy to the named person," which some courts have construed as requiring that a subpoena be personally served on the named individual. *See, e.g., McClendon v. TelOhio Credit Union, Inc.*, No. 2:05-cv-1160, 2006 WL 2380601, at *2 (S.D. Ohio Aug. 14, 2006).

Madison moves to quash the subpoena issued by plaintiff on the grounds: (1) the subpoena is an improper attempt to use a Rule 2004 subpoena to obtain information protected from disclosure by Fed. R. Civ. P. 26(b)(4); (2) the subpoena is unduly burdensome and overly broad because it seeks documents that span a four-year period; (3) plaintiff did not provide the required notice under Fed. R. Civ. P. 45(a)(4); and (4) plaintiff did not properly serve the subpoena pursuant to Fed. R. Civ. P. 45(b)(1). (Doc. 1 at 7-10).

### 1. Notice of the subpoena

Madison alleges that plaintiff did not serve counsel and the parties to the litigation associated with the subpoena before issuing the subpoena to Jackson as required under Rule

45(a)(4). (Doc. 1 at 9). There is no dispute that plaintiff failed to comply with this requirement of the Rule. However, plaintiff's omission does not warrant quashing the subpoena. The Court can move past a technical violation of Rule 45(a)(4) and examine the merits of the matter when the movant has not been prejudiced by the violation. *See Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 252 (S.D. Ohio 2011) (citing *McClendon*, 2006 WL 2380601).[1] Madison does not allege that it was prejudiced by plaintiff's failure to provide the required notice. Madison was able to file its motion to quash and allow the Court an opportunity to address its objections. The Court therefore will not grant the motion to quash based on plaintiff's failure to provide notice of the subpoena to other parties before serving it on Jackson and will address Madison's other grounds for objection.

### 2. Service of the subpoena

Madison contends the subpoena is not valid because plaintiff did not comply with the Rule 45 service requirements. Madison alleges that plaintiff served the subpoena via email and regular mail on December 31, 2015, and Jackson did not receive it until January 4, 2016, leaving a total of only 11 days and five business days for him to comply with the subpoena. (Doc. 1 at 10). Defendant acknowledges that cases in this district have reached different conclusions as to whether Rule 45 requires personal service of a subpoena and that the Sixth Circuit has not resolved the split. (*Id.*, citing *McClendon*, 2006 WL 2380601, at *2) (stating that Rule 45 "requires personal service of subpoenas and does not permit service by certified mail"); *Powell v. Time Warner Cable, Inc.*, No. 2:09-cv-00600, 2010 WL 5464895, at *3 (S.D. Ohio Dec. 30, 2010) (collecting district court cases reaching different conclusions on this issue and adopting analyses of those courts finding that service is effective so long "as it reasonably insures actual receipt."). Madison argues that regardless of whether personal service of a subpoena is required

---

[1] *Hendricks* and *McClendon* construed Rule 45(b)(1), which previously contained the notice provision now found in section (a)(4). Advisory Committee's Notes on 2013 Amendment to Fed. R. Civ. P. 45.

3

under Rule 45, the timing of plaintiff's subpoena and the method of service created an untenable situation whereby Jackson had only five business days to respond. (Doc. 1 at 10).

The issue of whether Rule 45 requires personal service of a subpoena has not been resolved by the Sixth Circuit. *Powell*, 2010 WL 5464895, at *3. However, this Court need not address the issue in connection with Madison's motion to quash. Even assuming plaintiff was not required to personally serve the subpoena, the subpoena is deficient because it does not fulfill Rule 45(d)(3)(A)(i)'s "reasonable time" requirement. Rule 45 requires the Court to quash or modify a subpoena that fails to allow a "reasonable time" for compliance. Fed. R. Civ. P. 45(d)(3)(A)(i). The Rule does not define a "reasonable time" for compliance. Decisions from prior cases support a finding that five business days is not a sufficient period of time to gather and produce documents and electronically stored information spanning a four-year period. *See CareFusion 2200, Inc. v. Entrotech Life Sci., Inc.*, No. 2:15-mc-16, 2015 WL 1954587, at *2-3 (S.D. Ohio Apr. 29, 2015) ("Although Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable.") (citing *Brown v. Hendler*, No. 09-CIV-4486, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011)). *See also Friedberg v. Madison Realty Investments, Inc., et al.*, No. 1:15-cv-00012, Doc. 10 at 1-2 (Bowman, M.J.) (Feb. 29, 2016) (adopting movant's argument that a subpoena allowing just seven business days for compliance did not allow a reasonable time for compliance). Moreover, plaintiff does not dispute that the subpoena issued to Jackson does not allow a reasonable time for compliance. When the unreasonably brief period of time allotted for Jackson's compliance with the subpoena is considered in conjunction with the other deficiencies in the subpoena, it is appropriate that the subpoena be quashed rather than modified under Rule 45(d)(3)(A)(i) for failure to comply with the "reasonable time" requirement.

4

### 3. Scope of the subpoena

Madison objects to the subpoena on the grounds it is overly broad and unduly burdensome. (Doc. 1 at 9). Madison indicates the subpoena is not narrowly tailored because it seeks documents that cover a four-year period. Madison generally alleges that plaintiff does not need information dating back to 2012 for litigation that was instituted in June 2015 and relating to an opinion witness who was not retained until after the litigation commenced.

It is not clear from either the subpoena or the motion to quash why the four-year time period for which plaintiff seeks information is relevant. Assuming the time frame is relevant, Madison has not made any specific allegations to show why it would be unduly burdensome for Jackson to produce the information plaintiff seeks. However, the Court need not resolve this issue in connection with the present motion. As discussed below, plaintiff has improperly requested discovery under Rule 2004 rather than under the Federal Rules of Civil Procedure. Madison's motion to quash is well-taken for this reason regardless of the scope of the requested discovery.

### 4. Plaintiff's request for examination under Rule 2004

Madison alleges that plaintiff has improperly employed a Rule 2004 subpoena to obtain communications between Madison's counsel and Jackson as well as draft reports produced by Jackson. (Doc.1 at 7). Madison cites case authority for the proposition that plaintiff's use of a Rule 2004 subpoena is improper because the scope of discovery under Rule 2004 is much broader than it is under Fed. R. Civ. P. 26(b). (*Id.* at 7; *see, e.g., In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) ("courts have recognized that Rule 2004 examinations are broad and unfettered and in the nature of fishing expeditions" conducted for the purpose of revealing the nature and extent of the bankruptcy estate and "discovering assets, examining transactions, and determining whether wrongdoing has occurred") (citations omitted)). Madison alleges that in view of the "broad and unfettered" nature of Rule 2004, it is improper for plaintiff

5

to attempt to use the Rule to obtain (1) communications between counsel and Jackson which may be protected from disclosure under Fed. R. Civ. P. 26(b)(4)(C), and (2) draft reports produced by Jackson, which are protected from disclosure under Fed. R. Civ. P. 26(b)(4)(B). (*Id.*). Madison also relies on case authority that holds once an adversary proceeding has been commenced as it has been here, discovery should be pursued under the Federal Rules of Civil Procedure and not under Rule 2004. (Doc. 1 at 7-8; *see, e.g.*, *In re Kipp*, 86 B.R. 490, 491 (Bankr. W.D. Tex. 1988) ("once an actual adversary proceeding has been initiated, 'the discovery devices provided for in Rules 7026-7037 [which incorporate Fed. R. Civ. P. 26-37] . . . apply and Rule 2004 should not be used.") (citing 8 Collier on Bankruptcy ¶ 2004.03[1] at pp. 2004-5 - 2004-6)).

The authorities on which Madison relies support its position that a subpoena for a Rule 2004 examination is not an appropriate method for seeking discovery for any purpose other than to ascertain the nature and extent of the bankruptcy estate. *In re Enron Corp.*, 281 B.R. at 840; *In re Kipp*, 86 B.R. at 491. In light of the purpose and broad scope of Rule 2004 as compared to the Federal Rules of Civil Procedure, plaintiff is required to pursue the discovery he seeks through the latter method and not by means of a Rule 2004 subpoena.

### III. Conclusion

Defendant Madison's motion to quash is **GRANTED**. The subpoena issued to opinion witness Raymond Jackson by plaintiff Friedberg on December 30, 2015, is quashed.

**IT IS SO ORDERED**.

Date: 4/18/16

Karen L. Litkovitz
United States Magistrate Judge